**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| **KEVIN A. GADSON,** )<br>   85 New York Ave. NW )<br>   Apt. 3 )<br>   Washington, D.C. 20001 )<br>     )<br>**OKIERIETA O. ENAJEKPO,** )<br>   723 Faraway Court )<br>   Bowie, Prince George's Co., MD 20721 )<br>     )<br>**SAMUEL D. MURIITHI,** )<br>   1717 Keokee St. )<br>   Hyattsville, Prince George's Co., MD 20783 )<br>     )<br>**and others** )<br>**similarly situated,** )<br>     )<br>         **PLAINTIFFS;** )<br>     )<br>V. )<br>     )<br>**SUPERSHUTTLE** )<br>  **INTERNATIONAL, INC.** )<br>   14500 N. Northsight Blvd )<br>   Scottsdale, AZ 85260-3641 )<br>     )<br>**SHUTTLE EXPRESS, CORP.** )<br>   2501 West Lexington Street )<br>   Baltimore, MD 21233 )<br>     )<br>**SHUTTLE EXPRESS, INC.** )<br>   351 W. Camden St. )<br>   Baltimore, MD 21201 )<br>     )<br>**SUPERSHUTTLE FRANCHISE** )<br>**CORPORATION** )<br>   Corporation Trust Center )<br>   1209 Orange St. )<br>   Wilmington DE 19801 )<br>     )<br>**VEOLIA TRANSPORTATION, INC.** )<br>   720 E. Butterfield Road )<br>   Lombard, Illinois 60148 )<br>     )<br>**VEOLIA ENVIRONNEMENT** )<br>**NORTH AMERICA OPERATIONS LLC**) | **Civil Action No. 8:10-CV-01057-AW**<br><br>**JUDGE ALEXANDER WILLIAMS, JR.** |

```
D/B/A VEOLIA ENVIRONNEMENT    )
    200 East Randolph Street  )
    Suite 7900                )
    Chicago, IL 60601         )
                              )
                              )
            DEFENDANTS.       )
_____ )
```

## FIRST AMENDED COMPLAINT

Plaintiffs, by and through their counsel, the law firm of Woodley & McGillivary and the D.C. Employment Justice Center, pursue this complaint against the defendants SuperShuttle International, Inc., Shuttle Express Corp., Shuttle Express Inc., SuperShuttle Franchise Corporation, Veolia Transportation and Veolia Environnement, for violation of state and federal labor laws and state as follows:

## JURISDICTION

1. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a)(supplemental jurisdiction to entertain Count II). Venue lies within this district pursuant to 28 U.S.C. § 1391.

2. Defendants have had sufficient contacts with the State of Maryland for this Court to exercise jurisdiction over them.

3. The plaintiffs are employees or former employees of the defendant and bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") against the defendants on behalf of themselves and all others similarly situated because of defendants' unlawful deprivation of plaintiffs' right to proper compensation. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, and other equitable relief available under the FLSA, as amended, 29 U.S.C. § 201 et seq. This action

is also brought as a class action under Maryland state law to recover unpaid wages owed to individual plaintiffs and all similarly situated employees under Maryland Wage and Hour Law, Md. Labor and Employment Code Ann. §3-401 et seq.  If *arguendo* a franchisee/franchisor relationship is found, the plaintiffs and others similarly situated claim violations of the Maryland Franchise Law, Md. Code Ann. § 14-201, et seq. and seek compensation, damages, and other equitable relief.

## PARTIES

4. Plaintiff Kevin Gadson is a citizen of the United States and resides in the District of Columbia.  Mr. Gadson has been employed by defendants as a primary driver since May 17, 2007.

5. Plaintiff Okieriete Enajekpo is a citizen of the United States and resides in the state of Maryland.   Mr. Enajekpo has been employed by defendants as a primary driver since August 20, 2004.

6. Plaintiff Samuel Muriithi is a citizen of the United States and resides in the state of Maryland.  Mr. Muriithi was employed by defendants as a primary driver from April 3, 2007 until February 8, 2009.

7. Plaintiffs have been identified in the caption of the complaint and have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b).  Such written consents are appended to this complaint as Exhibit "A."

8. Defendant Shuttle Express, Corp., d/b/a Shuttle Express, Inc., is incorporated under the laws of Maryland with its principal place of business in Baltimore, MD.

9.      Defendant Shuttle Express, Inc., d/b/a Shuttle Express, Corp., is incorporated under the laws of Maryland with its principal place of business in Baltimore, MD.

10.     Defendant SuperShuttle International, Inc. ("SSI") is incorporated under the laws of Delaware. According to its website, it is the "nation's leading shared-ride airport shuttle, providing door-to-door ground transportation to more than 8 million passengers per year." Defendants Shuttle Express, Inc. and Shuttle Express Corp. are subsidiaries of defendant SSI.

11.     Defendant SuperShuttle Franchise Corporation is incorporated under the laws of Delaware. Defendant SuperShuttle Franchise Corporation is a subsidiary of defendant SSI. Defendant SuperShuttle Express, Inc. operates pursuant to a license agreement with SuperShuttle Franchise Corp.

12.     Defendant Veolia Transportation ("Veolia") is the North American business unit of Veolia Transport—one of four subsidiaries of Paris, France-based Veolia Environnement. Defendant Veolia is headquartered in Illinois and incorporated under the laws of that state. Defendant SSI is a subsidiary of defendant Veolia.

13.     Defendant Veolia Environnement is incorporated under the laws of France with its principal place of business in Paris, France. Defendant Veolia is a subsidiary of defendant Veolia Environnement.

14.     At all times material herein defendants SSI, Shuttle Express Corp., Shuttle Express, Inc., SuperShuttle Franchise Corporation, Veolia and Veolia Environnement were and continue to be "employers" within the meaning of 29 U.S.C. § 203(d) and Md. Code Ann. § 3-401 and a "person" within the meaning of 29 U.S.C. § 203(a).

15. Plaintiffs, upon information and belief, allege that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

16. At all times material herein, plaintiffs were employed as primary drivers by defendant Shuttle Express, Inc., Shuttle Express Corp., SSI, SuperShuttle Franchise Corporation, Veolia and Veolia Environnement and were based out of defendants' facilities in Baltimore, Maryland performing services for defendants in and around Baltimore-Washington International Airport ("BWI").

## STATEMENT OF FACTS

17. Plaintiffs and other similarly situated persons signed contracts with defendants to be employed as primary drivers operating passenger shuttles, and were and at all times material herein have been employed as such.

18. Plaintiff Kevin Gadson entered into a Unit Franchise Agreement ("UFA") with defendants on or around May 17, 2009.

19. Plaintiff Okierieta Enajekpo entered into a UFA with defendants on or around August 20, 2004. At this time he signed a one year agreement with defendants. On or around August 20, 2005, he signed a 10 year UFA with defendants.

20. Plaintiff Samuel Muriithi entered into a UFA with defendants on or around April 3, 2007.

21. Prior to entering into the UFA with defendants, defendants arranged for a one week trial in which plaintiffs and other similarly situated persons operated a SuperShuttle van for

a week in order to allegedly demonstrate the potential income they could earn as a franchisee. During these trials, defendants misled the plaintiffs and other similarly situated persons regarding their earning potential as franchisees by failing to withhold the numerous fees and costs that are withheld from the revenue each primary driver earns for defendants.

22.     In failing to withhold these fees, defendants omitted facts, failed to explain costs and fees and induced plaintiffs and other similarly situated persons into signing the UFAs by inflating the earning potential of a franchisee.

23.     Defendants operate an airport and charter passenger shuttle service, using an integrated network of communication implemented through a centralized dispatch system.

24.     During the relevant period, defendants have employed hundreds of primary drivers at their facility located at the BWI Airport, Maryland to pick up and drop off passengers at times and locations determined by defendants, for fees determined by defendants.  The primary drivers transport passengers to and from BWI to locations throughout Maryland.  The customers contract for these rides with defendants.

25.     Defendants retain and exercise extensive control over the work of the primary drivers.  Primary drivers work within the geographical area designated by defendants, and are assigned customers and locations for picking up and dropping off passengers each day. Defendants employ dispatchers, customer service representatives, and other managerial employees at their dispatch facility located in Baltimore, Maryland, all of whom have supervisory responsibility over the primary drivers, their daily assignments, and paperwork listing the payments received by each primary from defendants' customers.  Primary drivers maintain near constant communication with defendants' managers and personnel throughout the

workday and are subject to financial penalty or withholding of assignments when they fail to comply with defendants' protocol.

26.     Defendants control and limit the compensation paid to primary drivers. Defendants unilaterally set the prices charged to customers for all services rendered by the primary drivers.  Primary drivers have no control over the rates charged to defendants' customers. In fact, primary drivers are prohibited from offering special rates or discounts to defendants' customers that have not been authorized by defendants.

27.     Defendants control the compensation received by the primary drivers. Defendants withhold fees from the remuneration paid by defendants' customers to primary drivers, including but not limited to fees for dispatching equipment, vehicle payment, vehicle insurance, revenue sharing, and an outbound fee for defendants' customers picked up from BWI.

28.     Defendants control all advertising, promotion, and rates. Defendants make all decisions regarding the logos on primary drivers' vans, the uniforms they wear, and the advertising distributed.  Primary drivers are prohibited from distributing their own advertising.

29.     Defendants control the assignment of primary drivers to pick up or drop off customers.  Defendants maintain a dispatching system that all primary drivers must use in order to receive a job assignment.  Defendants assign all jobs, leaving no discretion to primary drivers regarding the pick up or drop off of passengers not assigned through the central dispatch systems.

30.     Defendants control the duration of the employment relationship.  Under the terms of the UFA, Defendants may terminate plaintiffs and similarly situated primary drivers for

numerous reasons, including but not limited to traffic citations, complaints from airport representatives, or complaints of traffic violations.

31. Plaintiffs and similarly situated primary drivers have provided services that are an integral part of defendants' business.  By using vehicles with required logos and advertising; reliably serving defendants' customers; abiding by defendants' procedures for picking up and dropping off defendants' customers; abiding by defendants' numerous and detailed policies and procedures; and in other material ways, plaintiffs and other similarly situated primary drivers have rendered services to defendants that are integral to the operation of defendants' shared ride transportation system.

32. Despite defendants' near complete control over all aspects of its passenger transportation operations, including the primary drivers, defendants have uniformly classified and treated plaintiffs and similarly situated primary drivers as "independent contractors" and/or as "franchisees" solely for purposes of evading the obligations and requirements of the law arising from and pertaining to the employer/employee relationship.

33. Defendants' classification and treatment of plaintiffs and similarly situated primary drivers as "independent contractors" and/or "franchisees" rather than as "employees" is, and during all material times, has been, unlawful.

34. As a result of defendants' misclassification of plaintiffs and other similarly situated primary drivers as independent contractors or franchisees, defendants have willfully and knowingly failed to pay minimum wage to plaintiffs and similarly situated primary drivers as required by the FLSA and Maryland Wage and Hour Law.

35. As a result of defendants' misclassification of primary drivers as "independent contractors" and/or "franchisees," defendants have failed to record the actual hours worked by plaintiffs and similarly situated primary drivers.

36. Plaintiffs and similarly situated primary drivers consistently worked over 40 hours in each work week, and defendants failed to provide overtime compensation as required by the FLSA and Maryland Wage and Hour Law.

37. Plaintiffs and other similarly situated primary drivers' salaries consistently fell below the minimum hourly rate required by the FLSA and Maryland Wage and Hour Law.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

38. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 37 of the complaint.

39. At all times material herein, plaintiffs and other similarly situated primary drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

40. The FLSA requires covered employers, such as defendants, to compensate all non-exempt employees at the rate of at least the minimum wage for all compensable hours worked.

41. At all times material herein, defendants had a policy and practice of failing and refusing to pay minimum wage to plaintiffs and other similarly situated primary drivers employed by defendants.

42. By failing to compensate plaintiffs and other similarly situated primary drivers at a rate of not less than the minimum wage for all hours worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a) and 215(a).

43. At all times material herein, plaintiffs and other similarly situated primary drivers have worked in excess of 40 hours per week, the maximum weekly work hours as specified in the FLSA, 29 U.S.C. § 207. As a result, at all times material herein, plaintiffs and other similarly situated primary drivers have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

44. 29 U.S.C. § 207(a)(1) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per work week. Since April 28, 2007, as well as before, defendants have violated, and continue to violate, 29 U.S.C. § 207(a)(1) by failing and refusing to compensate plaintiffs and other similarly situated primary drivers for their hours of work in excess of 40 hours per work week at a rate of not less than one and one-half times the regular rate at which the plaintiffs are employed.

45. By failing to record, report, and/or compensate plaintiffs and other similarly situated primary drivers, defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 216(b).

46. As alleged herein, defendants have violated the FLSA in a willful and bad faith manner.

47. As a result of the aforesaid willful violations of the FLSA, compensation has been withheld by defendants from plaintiffs and other similarly situated primary drivers for which the defendant is liable pursuant to 29 U.S.C. § 216(b), together with any additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

## COUNT II

## VIOLATIONS OF MARYLAND WAGE AND HOUR LAW

48. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 47 of the complaint.

49. At all times material herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the Maryland Wage and Hour Law, Md. Code Ann. § 3-401.

50. Maryland Wage and Hour Law, Md. Code Ann. § 3-413, requires covered employers, such as defendants, to compensate all non-exempt employees at the rate of at least the minimum wage for all compensable hours worked.

51. At all times material herein, defendants had a policy and practice of failing and refusing to pay minimum wage to plaintiffs and other similarly situated primary drivers employed by defendants.

52. By failing to compensate plaintiffs at a rate of not less than the minimum wage for all hours worked, defendants have violated, and continue to violate, Maryland Wage and Hour Law, Md. Code Ann. § 3-401 et seq., including § 3-413(b).

53. Maryland Wage and Hour Law, Md. Code Ann. §§ 3-415(a) and 3-420(a) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per work week. Since April 28, 2007, as well as before, defendants have violated, and continue to violate Maryland Wage and Hour Law, Md. Code Ann. §§ 3-415(a) and 3-420(a) and Maryland Wage Payment and Collection Law, Md. Code Ann. 3-502 by failing and refusing to compensate plaintiffs and other similarly situated primary drivers for their hours of work in excess of 40 hours per work week at a rate of not less than one and one half times the regular rate at which the plaintiffs are employed.

54. By failing to properly record, report, and/or compensate plaintiffs and other similarly situated primary drivers, defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of Maryland Wage and Hour Law, Md. Code Ann. § 3-401, including §§ 3-413(b), 3-415(a) and 3-424.

55. As alleged herein, defendants have violated Maryland Wage and Hour Law in a willful and bad faith manner.

56. As a result of the willful violations of Maryland Wage and Hour law, compensation has been withheld by defendants from plaintiffs and other similarly situated primary drivers for which the defendant is liable pursuant to Md. Code Ann. § 3-427, as well as for reasonable attorneys' fees and the costs of this action. In addition, because of the violations of Maryland Wage Payment and Collection Law for which the defendant is liable, the plaintiffs

are entitled to up to three times the wage improperly withheld pursuant to Md. Code Ann § 3-507.1.

## COUNT III

## VIOLATIONS OF MARYLAND FRANCHISE LAW

57. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 56 of the complaint.

58. If *arguendo* a franchisee/franchisor relationship exists, at all times material herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the Maryland Code § 14-201, et seq.

59. Maryland Franchise Law, Md. Code Ann. § 14-201, et seq., prohibits each franchisor from making unfair statements or omitting material facts regarding the franchise.

60. At all times material herein, defendants had a policy and practice of omitting the existence of and failing to explain to the plaintiffs, various costs, fees, etc., related to the franchise.

61. By omitting and failing to explain these fees, costs, etc., to the plaintiffs, defendants have violated, and continue to violate, Maryland Franchise Law, Md. Code Ann. § 14-201, et seq.

62. Maryland Franchise Law, Md. Code Ann. § 14-201, et seq., provides that franchisees are entitled to damages and restitution for omitting these facts, failing to provide information, and fraudulent inducement.  Since April 28, 2007, as well as before, defendants have violated, and continue to violate, Maryland Franchise Law, Md. Code Ann. § 14-201, et seq.

63. As alleged herein, defendants have violated Maryland Franchise Law in a willful, fraudulent and bad faith manner.

64. As a result of the aforesaid violations of the Maryland Franchise law, compensation and remuneration has been withheld by defendants from plaintiffs and other similarly situated franchisees for which the defendant is liable pursuant Maryland Franchise Law, Md. Code Ann. § 14-201, et seq., together with any additional punitive damages, as well as compensatory damages, interest, reasonable attorneys' fees and the costs of this action.

## COUNT IV

### VIOLATIONS OF MARYLAND WAGE AND HOUR AND FRANCHISE LAWS

65. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 64 of the Complaint.

66. Plaintiffs Kevin Gadson, Okieriete Enajekpo, and Samuel Muriithi bring this action on behalf of themselves and other members of a Rule 23 class action.

67. The class involves hundreds of employees. As such, a class action is the superior method for resolution of the claims asserted herein as the class is so numerous that joinder of all class members would be impracticable.

68. The claims of the class representatives are typical of those claims that would be asserted by class members and the relief sought is typical of the relief that each class member could seek if he or she pursued the case on his or her own. The damages sought are the result of company-wide practices that similarly affect all members of the class.

69. The class representatives will fairly and adequately protect the interests of the class. The plaintiffs are represented by counsel who are experienced in class actions and have previously represented thousands of plaintiffs in wage and hour cases.

70. Common questions of law and fact predominate over any questions affecting only class members including:

   a. Whether defendants failed to compensate class members for time worked in excess of 40 hours in a work week;

   b. Whether defendants failed to compensate class members at the minimum wage for all hours worked;

   c. Whether defendants made unfair statements or omitted material facts regarding the franchise; and

   d. What damages are owed to class members.

71. A class action is superior to the prosecution of individual actions for at least the following reasons: (a) a single case will resolve multiple claims which involve the same questions of law and fact; (b) class treatment allows for the resolution of claims on behalf of individuals who would not otherwise have the resources to maintain litigation against a large corporation; and (c) absent class treatment, employees may be reluctant to bring a claim for fear of retaliation.

## CLAIMS FOR RELIEF

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

      a.      Enter judgment declaring that the defendants have willfully and wrongfully violated their statutory obligations under the FLSA and Maryland Wage and Hour Law, and deprived each of the plaintiffs and class members of his or her rights;

      b.      Order a complete and accurate accounting of all the compensation to which the plaintiffs and class members are entitled;

      c.      Award plaintiffs and class members monetary liquidated damages equal to up to three times their unpaid compensation;

      d.      Award plaintiffs and class members interest on their unpaid compensation;

      e.      Award plaintiffs and class members their reasonable attorneys fees to be paid by the defendants, and the costs and disbursements of this action;

      f.      In the alternative, should a franchisee/franchisor relationship be found, enter a judgment declaring that the defendants violated their statutory obligations under Maryland Franchise Law and deprived each of the plaintiffs of his or her rights; order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled; award plaintiffs monetary damages equal to their unpaid compensation and remuneration; award punitive and compensatory damages; award plaintiffs interest on their unpaid compensation; and award plaintiffs their reasonable attorneys fees.

      g.      Grant such other relief as may be just and proper.

Date:  June 3, 2010

Respectfully Submitted,

/s/ Molly A. Elkin
Molly A. Elkin (#14201)
Gregory K. McGillivary
David Ricksecker
Diana J. Nobile
WOODLEY & McGILLIVARY
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone:  (202) 833-8855
Fax:  (202) 452-1090

Laura Brown
Arthur Rogers
D.C. Employment Justice Center
727 15th Street NW, 2nd Floor
Washington, DC  20005 USA
Phone:  (202) 828-9675
Fax:  (202) 828-9190

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing First Amended Complaint was served on defendants' counsel by electronic filing on June 3, 2010 to the following counsel for the defendants:

**Russell Robert Bruch**
**Christopher A. Parlo**
**Leni Dylan Battaglia**
**Melissa Rodriguez**
Morgan Lewis and Bockius LLP
1111 Pennsylvania Ave NW
Washington, DC 20004

/s/ Molly A. Elkin
Molly A. Elkin