IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

---

KEVIN A. GADSON, et al.,

    Plaintiffs,

v.      Civil Action No. 10-cv-01057-AW

SUPERSHUTTLE INTERNATIONAL, INC., et al.,

    Defendants.

---

## **DEFENDANT'S ANSWER AND DEFENSES**

Defendant Shuttle Express, Inc. ("Defendant" or "SEI"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers Plaintiffs' First Amended Complaint ("Complaint") (Docket No. 22) in accordance with the numbered Paragraphs thereof as follows:[1]

## **PRELIMINARY MATTER**

The answers to each numbered Paragraph set forth below are made subject to the Memorandum Opinion and Order dated March 30, 2011 (Docket Nos. 37-38) granting in part and denying in part Defendants' Motion to Compel Arbitration and to Dismiss Plaintiffs' Complaint. To the extent the Complaint contains allegations regarding parties, claims, theories, or facts that have been dismissed by the March 30, 2011 Memorandum Opinion and Order, no response is required to such allegations. Any such responses in this Answer do not constitute any acknowledgement or admission of the validity or relevance of such allegations.

---

[1] Plaintiffs filed an Amended Complaint on June 3, 2010 also naming SuperShuttle International, Inc., Shuttle Express Corporation, SuperShuttle Franchise Corporation, Veolia Transportation, Inc. and Veolia Environnement North America Operations LLC as Defendants in this matter. As all those entities have been dismissed from this matter (see Docket Nos. 37-38), a response to the Complaint from them is not required. Accordingly, only SEI is submitting this Answer and Defenses to Plaintiffs' Complaint.

1

**UNTITLED PARAGRAPH ON PAGE 2 OF THE COMPLAINT**

Defendant avers that the allegations set forth in the first untitled and unnumbered paragraph on page 2 of the Complaint constitutes conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action against Defendant for alleged "violation of state and federal labor laws." Defendant denies that it is liable under any statute, regulation, common law principle or legal theory.

**JURISDICTION**

1. Defendant avers that the allegations in Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to invoke subject matter jurisdiction and venue in the United States District Court for the District of Maryland (the "Court") and the Court's supplemental jurisdiction.

2. Defendant avers that the allegations in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations.

3. Defendant avers that the allegations in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, except to aver that Plaintiffs purport to bring this action against Defendant on behalf of themselves and other similarly situated individuals alleging that Defendant unlawfully deprived them of compensation in violation of the Fair Labor Standards Act ("FLSA") and the Maryland Wage and Hour Law ("MWHL") and/or that Defendant violated the Maryland Franchise Law,

Defendant denies the allegations in Paragraph 3 of the Complaint.[2] Defendant further specifically denies that it is liable under the FLSA, MWHL, Maryland Franchise Law and/or under any other statute, regulation, common law principle or legal theory and denies that class and/or collective treatment is appropriate in this action.

## PARTIES

4. Defendant avers that the allegations in Paragraph 4 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff Kevin Gadson ("Gadson") entered into a franchise agreement with SEI in or about May 2007, denies that Gadson was or has ever been an employee of Defendant in any capacity, and avers that it lacks sufficient knowledge or information to form a belief as to the remaining allegations.

5. Defendant avers that the allegations in Paragraph 5 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff Okierieta Enajekpo ("Enajekpo") entered into a franchise agreement with SEI in or about August 2004, denies that Enajekpo was or has ever been an employee of Defendant in any capacity, and avers that it lacks sufficient knowledge or information to form a belief as to the remaining allegations.

6. Defendant avers that the allegations in Paragraph 6 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff Samuel Muriithi ("Muriithi") entered into a franchise agreement with SEI in or about June 2007 which terminated in or about October 2008, denies that Muriithi

---

[2] Plaintiff Okierieta Enajekpo's Maryland Franchise Law claims have been dismissed as untimely (see Docket No. 37) and, accordingly, no response to those claims is required.

was or has ever been an employee of Defendant in any capacity, and avers that it lacks sufficient knowledge or information to form a belief as to the remaining allegations.

7. Defendant avers that the allegations in Paragraph 7 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant avers that the written consents attached to the Complaint as Exhibit A are documents which speak for themselves.

8. The non-existent "Shuttle Express, Corp., d/b/a Shuttle Express, Inc." has been dismissed from this case and, accordingly, a response to Paragraph 8 of the Complaint is not required. To the extent a response is required, Defendant denies the allegations.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. SuperShuttle International, Inc. has been dismissed from this case and, accordingly, a response to Paragraph 10 of the Complaint is not required. To the extent a response is required, Defendant denies the allegations.

11. SuperShuttle Franchise Corporation has been dismissed from this case and, accordingly, a response to Paragraph 11 of the Complaint is not required. To the extent a response is required, Defendant denies the allegations.

12. Veolia Transportation has been dismissed from this case and, accordingly, a response to Paragraph 12 of the Complaint is not required. To the extent a response is required, Defendant denies the allegations.

13. Veolia Transportation Environnement North America Operations LLC has been dismissed from this case and, accordingly, a response to Paragraph 13 of the Complaint is not required. To the extent a response is required, Defendant denies the allegations.

DB1/ 66985822.5

14. Defendant avers that the allegations in Paragraph 14 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies that it is an employer or person covered by the FLSA and/or the MWHL with respect to Plaintiffs or any allegedly similarly situated individual.

15. As "Shuttle Express, Corp., d/b/a Shuttle Express, Inc.," SuperShuttle International, Inc., SuperShuttle Franchise Corporation, Veolia Transportation and Veolia Transportation Environnement North America Operations LLC have been dismissed from this case, a response to Paragraph 15 of the Complaint is not required. To the extent a response is required, Defendant denies the allegations.

16. Defendant avers that the allegations in Paragraph 16 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, except to admit that Plaintiffs entered into franchise agreements with SEI, which are documents that speak for themselves, Defendant denies the allegations.

## STATEMENT OF FACTS

17. Except to admit that each Plaintiff signed a Unit Franchise Agreement ("UFA"), and to further aver that the UFAs are documents that speak for themselves, Defendant denies the allegations in Paragraph 17 of the Complaint. Defendant specifically denies that Plaintiffs and/or any allegedly similarly situated individuals were "employed" by Defendant.

18. The allegations in Paragraph 18 of the Complaint pertain to contractual terms governed by the UFA that Gadson signed, which is a document that speaks for itself. To the extent a further response is required, except to admit that it entered into a UFA with Gadson, Defendant denies the allegations.

DB1/66985822.5

19. The allegations in Paragraph 19 of the Complaint pertain to contractual terms governed by the UFAs that Enajekpo signed, which are documents that speak for themselves. To the extent a further response is required, except to admit that it entered into two UFAs with Enajekpo, Defendant denies the allegations.

20. The allegations in Paragraph 20 of the Complaint pertain to contractual terms governed by the UFA that Muriithi signed, which is a document that speaks for itself. To the extent a further response is required, except to admit that it entered into a UFA with Muriithi, Defendant denies the allegations.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Except to admit that Defendant sells franchises and that franchisees operate airport and charter passenger shuttle service using reservation and automatic dispatching systems, Defendant denies the allegations in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint pertain to contractual terms governed by the UFAs, which are documents that speak for themselves. To the extent a response is required, Defendant denies the allegations. Defendant further specifically denies that Plaintiffs were "employed" by Defendant.

25. Defendant avers that certain allegations in Paragraph 25 of the Complaint pertain to contractual terms governed by the UFAs, which are documents that speak for themselves, admits that Defendant employs dispatchers, customer service representatives, managerial employees and other non-franchisee personnel and denies the remaining allegations.

DB1/66985822.5

26. Defendant avers that certain allegations in Paragraph 26 of the Complaint pertain to contractual terms governed by the UFAs, which are documents that speak for themselves and denies the remaining allegations.

27. Defendant avers that certain allegations in Paragraph 27 of the Complaint pertain to contractual terms governed by the UFAs, which are documents that speak for themselves, and denies the remaining allegations.

28. Defendant avers that certain allegations in Paragraph 28 of the Complaint pertain to contractual terms governed by the UFAs, which are documents that speak for themselves, and denies the remaining allegations.

29. Defendant avers that certain allegations in Paragraph 29 of the Complaint pertain to contractual terms governed by the UFAs, which are documents that speak for themselves, and denies the remaining allegations.

30. Defendant avers that the allegations in Paragraph 30 of the Complaint pertain to contractual terms governed by the UFAs, which are documents that speak for themselves, and denies the remaining allegations. Defendant further specifically denies that Plaintiffs have/had an "employment relationship" with Defendant.

31. Defendant avers that certain allegations in Paragraph 31 of the Complaint pertain to contractual terms governed by the UFAs and/or other franchise documents, which are documents that speak for themselves, and denies the remaining allegations.

32. Except to admit that Plaintiffs have been properly classified as franchisees and independent contractors, Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

DB1/66985822.5

33. Defendant avers that the allegations in Paragraph 33 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

34. Defendant avers that the allegations in Paragraph 34 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

35. Defendant avers that the allegations in Paragraph 35 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

36. Defendant avers that the allegations in Paragraph 36 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

37. Defendant avers that the allegations in Paragraph 37 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

38. Defendant repeats and realleges its responses to the allegations in Paragraphs 1 through 37 of the Complaint with the same force and effect as if fully set forth herein.

39. Defendant avers that the allegations in Paragraph 39 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

DB1/ 66985822.5

40. Defendant avers that the allegations in Paragraph 40 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, except to admit that the FLSA requires covered employers to pay covered non-exempt employees a certain minimum wage, Defendant denies the allegations.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant avers that the allegations in Paragraph 42 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

43. Defendant avers that the allegations in Paragraph 43 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

44. Defendant avers that the allegations in Paragraph 44 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

45. Defendant avers that the allegations in Paragraph 45 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

46. Defendant avers that the allegations in Paragraph 46 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

47. Defendant avers that the allegations in Paragraph 47 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

DB1/66985822.5

## COUNT II

## VIOLATIONS OF MARYLAND WAGE AND HOUR LAW

48. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 47 of the Complaint with the same force and effect as if fully set forth herein.

49. Defendant avers that the allegations in Paragraph 49 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

50. Defendant avers that the allegations in Paragraph 50 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, except to admit that employers covered by the MWHL must pay a certain minimum wage to covered employees, Defendant denies the allegations.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant avers that the allegations in Paragraph 52 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

53. Defendant avers that the allegations in Paragraph 53 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

54. Defendant avers that the allegations in Paragraph 54 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

DB1/66985822.5

55. Defendant avers that the allegations in Paragraph 55 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

56. Defendant avers that the allegations in Paragraph 56 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## COUNT III

## VIOLATION OF MARYLAND FRANCHISE LAW

57. Defendant repeats and realleges its responses to the allegations in Paragraphs 1 through 56 of the Complaint with the same force and effect as if fully set forth herein.

58. Defendant avers that the allegations in Paragraph 58 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, except to admit that franchisees covered by the Maryland Franchise Law are entitled to the protection of that Act, Defendant denies the allegations.

59. Defendant avers that the allegations in Paragraph 59 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant avers that the provisions of the Maryland Franchise Law speak for themselves.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant avers that the allegations in Paragraph 61 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

62. Defendant avers that the allegations in Paragraph 62 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

63. Defendant avers that the allegations in Paragraph 63 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

64. Defendant avers that the allegations in Paragraph 64 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

## COUNT IV

## VIOLATIONS OF MARYLAND WAGE AND HOUR AND FRANCHISE LAWS

65. Defendant repeats and realleges its responses to the allegations in Paragraphs 1 through 64 of the Complaint with the same force and effect as if fully set forth herein.

66. Defendant avers that the allegations set forth in Paragraph 66 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action on behalf of themselves and a class of persons pursuant to Fed. R. Civ. P. 23, denies that class treatment is appropriate in this action, and denies having sufficient knowledge or information to respond to the remaining allegations.

67. Defendant avers that the allegations in Paragraph 67 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

12
DB1/ 66985822.5

68. Defendant avers that the allegations in Paragraph 68 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

69. Defendant avers that the allegations in Paragraph 69 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

70. Defendant avers that the allegations in Paragraph 70 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

71. Defendant avers that the allegations in Paragraph 71 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

## **PLAINTIFFS' CLAIM FOR RELIEF**

Defendant denies that Plaintiffs and members of the putative class are entitled to any relief in this action, including the remedies described in, and relief requested in, the WHEREFORE paragraphs of the Complaint, including in sub-paragraphs (a) through (g) thereof.

## **GENERAL DENIAL**

Defendant denies each and every allegation set forth in the Complaint which is not specifically admitted herein.

## **DEFENSES**

Defendant asserts the following defenses without conceding that Defendant bears the burden of proof as to any of the following defenses. Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

DB1/ 66985822.5

## FIRST DEFENSE

### (Failure To State A Claim For Relief)

The Complaint and each and every claim for relief set forth therein fails to state facts sufficient to constitute any legally valid claim for relief.

## SECOND DEFENSE

### (Franchisee Status)

Plaintiffs' Complaint and each claim for relief therein are barred because Plaintiffs are not, and have not been, employees of Defendant, but rather were franchisees, at all times relevant to this action.

## THIRD DEFENSE

### (Statute Of Limitations)

Plaintiffs' Complaint and each claim for relief therein is barred, in whole or in part, by applicable statute(s) of limitations.

## FOURTH DEFENSE

### (No Class Action)

Plaintiffs' Complaint and each claim for relief therein cannot and should not be maintained on a class basis because those claims for relief, and each of them, fail to meet the necessary requirements for class certification, including typicality, commonality, numerosity, superiority and adequacy of the class representatives and counsel.

## FIFTH DEFENSE

### (Estoppel)

By Plaintiffs' own acts and conduct, Plaintiffs are estopped from seeking the relief claimed in the Complaint, and each claim for relief therein.

## SIXTH DEFENSE

### (Preemption)

Plaintiffs' Complaint and each claim for relief therein, or some of them, are preempted, in whole or in part, by federal law, and the federal regulation of interstate commerce in general and the transportation industry in particular.

## SEVENTH DEFENSE

### (Adequate Remedy at Law)

To the extent applicable, Plaintiffs are barred from obtaining injunctive relief, because Plaintiffs have an adequate remedy at law and/or cannot satisfy other requirements for obtaining injunctive relief.

## EIGHTH DEFENSE

### (Release)

Plaintiffs' Complaint and each claim for relief therein, or some of them, are barred in whole or in part because said causes of action have been released by the Plaintiffs, and/or by those upon whose right the claims of Plaintiffs are based.

## NINTH DEFENSE

### (Arbitration)

Plaintiffs' Complaint and each claim for relief therein, or some of them, may not be litigated in court because some or all of Plaintiffs' causes of action are subject to individual mandatory, final and binding arbitration.

## TENTH DEFENSE

### (Offset)

Plaintiffs' damages, if any, must be offset in whole or in part by amounts already collected by Plaintiffs and/or owing to and damages suffered by Defendant.

## ELEVENTH DEFENSE

### (Laches)

Plaintiffs are barred by the doctrine of laches from pursuing any of the remedies sought in the Complaint.

## TWELFTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs failed to take reasonable steps to mitigate the damages they allegedly suffered as a result of the actions alleged in the Complaint, and any award against Defendant must be reduced by the amount of alleged damages Plaintiffs could have avoided had they taken reasonable steps to mitigate their damages.

## THIRTEENTH DEFENSE

### (Accord and Satisfaction)

Plaintiffs' claims are barred in whole or in part by the doctrines of accord and satisfaction, and payment.

## FOURTEENTH DEFENSE

### (Failure to Exhaust Internal and Administrative Remedies)

To the extent that Plaintiffs are subject to internal and/or administrative remedies, their claims are barred to the extent that they failed to exhaust their internal and/or administrative remedies.

## FIFTEENTH DEFENSE

### (Knowing and Voluntary Agreement to Participate in Compensation Agreements)

Plaintiffs' claims are barred in whole or in part by their knowing and voluntary agreement to and participation in the compensation agreements which they now claim are illegal.

**SIXTEENTH DEFENSE**

**(Recovery Not Available)**

Plaintiffs fall within a classification of individuals who may not recover under the causes of action at issue in this action.

**SEVENTEENTH DEFENSE**

**(State and Federal Law Overtime and Minimum Wage Exemptions)**

Plaintiffs' claims are barred in whole or in part because they have been, and continue to be, exempt from the overtime provisions of the FLSA and the MWHL, under, but not limited to, the Motor Carrier Act exemption, as the exemptions are defined under the FLSA and the MWHL, and their accompanying regulations.

**EIGHTEENTH DEFENSE**

**(Excessive Fines)**

An award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States Constitution.

**NINETEENTH DEFENSE**

**(Good Faith)**

Defendant acted in good faith at all times and without fraud or malice toward the Plaintiffs.

**TWENTIETH DEFENSE**

**(Lack of Standing)**

To the extent applicable, injunctive relief under the circumstances of this case would be improper because Plaintiffs do not satisfy the requirements to obtain injunctive relief on their own behalf and they do not have standing to pursue a claim for injunctive relief on behalf of third parties.

**TWENTY-FIRST DEFENSE**

**(Uncertainty)**

Plaintiffs' claims barred in whole or in part because the Complaint is uncertain in that the purported class and collective class definitions are ambiguous and uncertain.

**TWENTY-SECOND DEFENSE**

**(Failure to Meet Requirements for Collective Action)**

Plaintiffs do not meet the requirements of 29 U.S.C. §216, and thus this action cannot be maintained as a collective action.

**TWENTY-THIRD DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

**TWENTY-FOURTH DEFENSE**

**(Facts Insufficient for Liquidated Damages)**

Plaintiffs fail to allege facts sufficient to support an award of liquidated or exemplary damages against Defendant.

**TWENTY-FIFTH DEFENSE**

**(Bona Fide Dispute)**

Any failure to pay wages required by federal or state law is attributable to a bona fide

DB1/66985822.5

dispute with respect to Plaintiffs' entitlement to payment.

## TWENTY-SIXTH DEFENSE

### (Waiver of Jury Trial)

Plaintiffs waived their right to a jury trial over the subject matter of this Complaint.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed with prejudice and that Defendant be awarded its costs and expenses, including reasonable attorney fees, incurred in defending this action.

Dated: April 13, 2011            Respectfully submitted,

/s/ Russell R. Bruch
Russell R. Bruch, Esq. (Bar No. 17108)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
202-739-5293
202-739-3001 (fax)
rbruch@morganlewis.com

Christopher A. Parlo, Esq. *(admitted pro hac vice)*
Melissa C. Rodriguez, Esq. *(admitted pro hac vice)*
Leni D. Battaglia, Esq. *(admitted pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
212-309-6000
212-309-6001 (fax)
cparlo@morganlewis.com
mcrodriguez@morganlewis.com
lbattaglia@morganlewis.com

*Attorneys for Defendant Shuttle Express, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 13, 2011, I caused to be served by ECF a copy of the foregoing Defendant's Answer and Defenses, on the following counsel for Plaintiffs:

Molly A. Elkin
Gregory McGillivary
David Rickseeker
Diana Nobile
Woodley & McGillivary
1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005

Laura Brown
Arthur Rogers
DC Employment Justice Center
727 15th St. NW, 2nd Floor
Washington, DC 20005

/s/ Russell R. Bruch
Russell R. Bruch